[Civ. No. 9573. Second Appellate District, Division Two.—April 3, 1934.]

JOHN M. BOYLE et al., Petitioners, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Melville R. Adams for Petitioners.

Everett W. Mattoon, County Counsel, and Fred M. Cross, Deputy County Counsel, for Respondent.

CRAIG, J.—This is a proceeding in mandate to require the superior court to vacate an order made by it transferring a certain suit to the municipal court of the city of Los Angeles and to overrule a demurrer filed therein.

The essential facts are: Petitioners were hired by the Southern California Finance Corporation, trustee for a certain trust estate, to make an audit of the trust in anticipation of said trustee resigning and of the defendant in the action becoming the trustee. This audit was required by the defendant before accepting the trusteeship. It appears that after the audit had been made the change in trusteeship took place. Under the terms of the declaration of trust it was provided that the trustee should "pay, when due, all estate, inheritance, income and other taxes, insurance, interest, assessments, liens, incumbrances, charges and expenses of every kind and nature necessary or proper for the preservation, maintenance and/or care of the trust estate, including costs, charges and expenses of this trust; and in the event any or all of the foregoing costs, expenses, taxes, insurance, etc., are not paid when due by the beneficiaries and are subsequently paid by the trustee, authority for which is hereby given, all such money so advanced or paid shall bear interest at seven per cent (7%) per annum and shall constitute a first and prior lien on the trust estate and any and all contracts evidencing the sale of any part of the trust estate in the handling of" said trust. Other facts are alleged which have no bearing upon the issues here involved; for example, that the finance company is insolvent,

that the trustee was authorized to embark in trade and was so engaged when petitioners' claim was incurred and that the defendant bank acquired a claim against the trust which it caused to be paid out of the trust property.

The work done by petitioners appears to have been required and performed in the ordinary course where one trustee is about to relinquish the trusteeship and a successor take the place. There is no assumption of liability involved by the new trustee where under such circumstances and before accepting the position he requests that an audit be made. Nor can such an audit be said to be for the benefit of the trust estate. It is obviously for the advantage of the trustee who wishes to resign, and no prudent person would take over a trust unless his predecessor provided for such an audit.

There is no allegation that the beneficiaries of the trust expressly authorized the petitioners' work to be done. We find no provision in the declaration of trust above quoted and urged by petitioners as authorizing this expense, which includes it. As we have indicated, this audit cannot be said to be a ''charge or expense for the preservation, maintenance or care of the estate'', but one solely to facilitate the change of trustee.

It is alleged that the second trustee acquired a claim against the trust and paid itself with the trust property. This fact, if it be one, would not convert petitioners' legal claim into an equitable one or make a bill incurred for the benefit of the trustee who ordered the work one properly chargeable against the trust, or against a second trustee who did not order the work done. Also, no authority need be cited to support the proposition that the allegation that the bank, after becoming trustee, promised to pay petitioners' claim out of the trust funds, created no personal liability on the part of the bank, legal or equitable. Nor would such promise, if made, convert a previous legal right, if one had existed, into one in equity.

Stephens, P. J., and Archbald, J., *pro tem.*, concurred.

An application by petitioners to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court·on May 31, 1934.